UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZOFO BENJAMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00989-TWP-MG |
| ) | |
| WEXFORD OF INDIANA LLC, ) | |
| JOHN NWANNUNU, ) | |
| ) | |
| Defendants. ) | |

**Order Granting Defendant Wexford's Partial Motion to Dismiss**

Plaintiff Zofo Benjamin filed this civil rights action based on the medical treatment he has received while a prisoner in the Indiana Department of Correction. Mr. Benjamin alleges, as relevant here, that defendant Wexford of Indiana, LLC, ("Wexford") is liable for the actions of its employees under the doctrine of *respondeat superior*. Wexford has moved to dismiss the *respondeat superior* claim. Dkt. 12. For the following reasons, the motion to dismiss Wexford from Count I of the Complaint, dkt. [12], is **granted**.

### I.  Mr. Benjamin's Allegations

Mr. Benjamin is incarcerated at New Castle Correctional Facility ("NCCF"). Dkt. 1 at ¶ 1. He has only one kidney, and as a result, he suffers from various medical conditions including kidney stones, urinary tract infections, pain, and blood loss. *Id.* at ¶¶ 7−8. He alleges that between Mach 2020 and August 2020, he suffered different health emergencies related to his kidney. *Id.* at ¶¶ 11−134.

In Count I of his complaint, Mr. Benjamin seeks damages under 42 U.S.C. § 1983, arguing that Wexford through its employee Dr. Nwannunu, or other unknown agents or

employees, was deliberately indifferent to his serious medical needs by failing to provide adequate medical care after Mr. Benjamin's discharge from the hospital. *Id.* at ¶ 144.

## II.     Wexford's Motion to Dismiss

Wexford argues that it must be dismissed from Count I of Mr. Benjamin's Complaint as a matter of law.[1] As Wexford notes, the Seventh Circuit has repeatedly held that private corporations acting under color of state law are not liable under *respondeat superior* in 42 U.S.C. § 1983 actions. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (collecting cases). Instead, corporate liability requires some policy, practice, or custom that caused a constitutional violation. *Walker v. Wexford Health Sources*, *Inc.*, 940 F.3d 954, 966 (7th Cir. 2019).

Mr. Benjamin acknowledges the current state of the law, but he argues that the Seventh Circuit should reconsider the rule insulating corporations from *respondeat superior* liability. Dkt. 16. But this Court is bound by Seventh Circuit precedent. *Reiser v. Res. Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts. . . . [D]istrict judges must follow the decisions of [the relevant court of appeals] whether or not they agree."). And under that precedent, Mr. Benjamin's claim based on *respondeat superior* liability must be dismissed.

## III. Conclusion

Wexford's partial motion to dismiss, dkt. [12], is **granted**. Mr. Benjamin's claims in Count I against Wexford of Indiana, LLC, are struck from his Complaint. All other claims against Wexford remain. Wexford has **through October 7, 2021**, in which to answer or otherwise respond to the complaint.

---

[1] Wexford is also named as a defendant in Counts II−IV, including a policy-or-practice claim under *Monell v. N.Y.C. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978). Wexford seeks dismissal as to Count I only.

The Court requests that the magistrate judge schedule a pretrial conference to discuss further proceedings.

**IT IS SO ORDERED.**

Date: 9/24/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Magistrate Judge Mario Garcia